[Cite as *State v. Wilburn*, 2018-Ohio-1917.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-602 |
| v. | : | (C.P.C. No. 13CR-4286) |
| Jonathan Wilburn, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on May 15, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** *Michael P. Walton*.

**On brief:** *Family First Law Offices*, and *Mark C. Eppley*, for appellant. **Argued:** *Mark C. Eppley*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Jonathan Wilburn, appeals from the July 28, 2017 decision of the Franklin County Court of Common Pleas revoking his community control sanction and sentencing him to prison. For the following reasons, we affirm.

## I. Factual and Procedural Background

{¶ 2} On August 13, 2013, a Franklin County Grand Jury indicted Wilburn on one count of rape, in violation of R.C. 2907.02, and three counts of gross sexual imposition, in violation of R.C. 2907.05. Wilburn initially entered a not guilty plea. An agreement was reached with the state to amend counts two and three to endangering children, in violation

of R.C. 2919.22. The parties also agreed to jointly recommend to the trial court that Wilburn receive community control sanctions. Wilburn withdrew his not guilty plea and entered a guilty plea to two counts of endangering children. The trial court accepted his guilty plea, found him guilty, and delayed sentencing for the preparation of a presentence investigation report.

{¶ 3} At the sentencing hearing, the trial court followed the joint recommendation, placed Wilburn on community control for a period of three years, and entered a nolle prosequi on counts one and four. As part of the community control sanctions, the trial court ordered that Wilburn undergo a mental health examination and follow any recommended treatment. It also ordered that he undergo a sex offender assessment and complete any recommended treatment. The trial court informed Wilburn that if he violated the terms of his community control that he would receive a prison term of 36 months on each count and that the terms would be served consecutively for a total of 72 months.

{¶ 4} In March 2017, a probation officer filed a request to revoke Wilburn's community control. The request alleged three violations of the terms and conditions of Wilburn's community control: (1) unsuccessful termination from sex offender treatment at "'STOP, Inc."; (2) admission of abusing prescribed Oxycodone to get high; and (3) admission of consumption of alcohol. Wilburn stipulated to probable cause and ultimately stipulated that he had violated the terms of his community control. The trial court found there was probable cause and an actual violation of community control. The trial court imposed a prison term of 30 months on each count and ordered that they be served consecutively.

## II. The Appeal

{¶ 5} Wilburn appealed his sentence, asserting the following assignments of error:

[I.] THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE ENTIRETY OF THE FACTORS ENUMERATED IN OHIO REVISED CODE SECTION 2929.12(C) AND OHIO REVISED CODE SECTION 2929.12(E) WHEN IMPOSING SENTENCE ON THE DEFENDANT/APPELLANT.

[II.] THE TRIAL COURT FAILED TO ISSUE THE MINIMUM SANCTIONS THAT IT DETERMINES LIKELY TO ACCOMPLISH THE PURPOSES OF SENTENCING WITHOUT IMPOSING AN UNNECESSARY BURDEN ON STATE OR LOCAL GOVERNMENT RESOURCES.

**A. First Assignment of Error – Consideration of R.C. 2929.12 Factors**

{¶ 6}   In the first assignment of error, Wilburn argues that the trial court failed to properly consider and apply the sentencing factors set forth in R.C. 2929.12(C) and (E). We disagree.

{¶ 7}   In sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government." R.C. 2929.11(A). This requires consideration of "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).  Further, pursuant to R.C. 2929.12(A), the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors.   *State v. Anderson*, 10th Dist. No. 15AP-1082, 2016-Ohio-5946, ¶ 8, citing *State v. Phipps*, 10th Dist. No. 13AP-640, 2014-Ohio-2905, ¶ 46, citing *State v. Patrick*, 10th Dist. No. 10AP-26, 2011-Ohio-1592, ¶ 24.

{¶ 8}   On appeal, an appellate court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law and/or (2) unsupported by the record.  *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, ¶ 1, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 7.  The Supreme Court of Ohio has further held that "[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.  Under Ohio law, a sentence is not clearly and convincingly contrary to law where the record reflects that the trial court considered the principles and purposes of R.C. 2929.11, weighed the seriousness and recidivism factors listed in R.C. 2929.12, and imposed a sentence within the permissible statutory range. *State v. Gore*, 10th Dist. No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 9} Here, Wilburn contends the trial court failed to properly apply the statutory seriousness and recidivism factors contained in R.C. 2929.12 when imposing sentence. He takes issue with the trial court's finding that he is no longer amenable to community control. Wilburn argues that the trial court failed to consider R.C. 2929.12(C)(4), which indicates that an offender's conduct can be considered less serious when there are substantial grounds to mitigate the offender's conduct, although it does not constitute a defense. In support of this contention, Wilburn points to a report from Dr. Bassman at the "AWARE Program." According to Wilburn, Dr. Bassman opines that he is amenable to community control and sex offender treatment.

{¶ 10} Wilburn also alleges that the trial court failed to consider the recidivism factors in R.C. 2929.12(E)(2) through (5). These factors indicate that an offender is not likely to commit future crimes if the offender has not previously been convicted or pled guilty to a criminal offense, has led a law-abiding life for a significant period of time prior to the offense, committed the offense under circumstances not likely to recur, and shows genuine remorse. R.C. 2929.12(E). Wilburn notes that he expressed his remorse at the revocation hearing and that Dr. Bassman's report indicated he had a low-moderate range to reoffend.

{¶ 11} Wilburn's arguments largely rely on a report from Dr. Bassman. A copy of the report was attached to Wilburn's appellate brief. App.R. 9(A)(1) provides that the record on appeal, in all cases, constitutes "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." A document that is merely attached to an appellate brief is not part of the record and may not be considered on appeal. *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 8, citing *Jefferson Golf & Country Club v. Leonard*, 10th Dist. No. 11AP-434, 2011-Ohio-6829, ¶ 10. Although a copy of Dr. Bassman's report was purportedly provided to the trial judge, the state, and the probation officer, it was not entered as an exhibit at the revocation proceedings nor filed with the clerk of courts. Therefore, the report is not part of the record in this matter, and we may not consider it on appeal.

{¶ 12} Regardless, the record in this case indicates that the trial court did consider the sentencing factors. In the trial court's revocation entry, it noted that it "has considered

the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." (Jgmt. Entry at 1.) That language in a judgment entry by itself belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing pursuant to R.C. 2929.11, and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense. *Anderson* at ¶ 8-9, citing *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 14, citing *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15; *State v. Small*, 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16. Furthermore, the record in Franklin C.P. No. 13CR-4286 contains "DEFENDANT'S STATEMENT OF CLARIFICATION," filed with the court on July 25, 2017, in which appellant's counsel outlined the reasons why Wilburn should be placed back on community control. We presume the trial judge reviewed the memorandum as there is no indication, or even allegation, that he did not. Finally, it is clear from the transcript that the trial court carefully considered the sentence. The trial court specifically stated that it carefully reviewed the arguments made by counsel and the documents filed in this case and that it "particularly analyzed the report that was provided by the AWARE Program." (Tr. at 2.) It found that its obligation to protect the public under the circumstances of this case was the overriding factor. The trial court did not believe that Wilburn could make a sustained effort to comply with the terms of his community control.

{¶ 13} This was not Wilburn's initial sentencing. During the plea hearing, the trial court informed Wilburn that he would likely be placed into a sex offender program. It further stated if Wilburn was unsuccessfully terminated from that program, the trial court would likely resentence him to prison. Despite this warning, Wilburn failed to cooperate with the "STOP, Inc.," program, admitted to molesting another child, and failed to comply with other conditions of community control. After reviewing the record, we conclude that Wilburn has failed to demonstrate that the trial court failed to properly consider the R.C. 2929.12 sentencing factors and that the sentence is clearly and convincingly contrary to law. Accordingly, we overrule the first assignment of error.

### B. Second Assignment of Error – More than the Minimum Sentence

{¶ 14} In the second assignment of error, Wilburn argues that the trial court failed to impose the minimum sanctions that would accomplish the purposes of sentencing without imposing an unnecessary burden on state or local government resources. Again,

Wilburn relies on the report of Dr. Bassman and his need for sex offender treatment as well as psychotherapy.

{¶ 15} R.C. 2929.11(A) provides:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 16} Although resource conservation is a sentencing consideration, it must be balanced against the need to protect the public. A sentencing court is not required to elevate consideration of resource burdens over the seriousness and recidivism factors of R.C. 2929.12. *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 9. "Where the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison sentence imposes an unnecessary burden on government resources." *State v. Bowshier*, 2d Dist. No. 08-CA-58, 2009-Ohio-3429, ¶ 14. In this case, the trial court stated that its obligation to protect the public under the circumstances of this case was the overriding factor. Additionally, we have already determined that the trial court considered the necessary factors when imposing Wilburn's sentence. This necessarily includes the consideration of the burden on state and local government resources. Accordingly, the second assignment of error is overruled.

{¶ 17} For the foregoing reasons, Wilburn's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J., and BRUNNER, J., concur.

_____