[Cite as *State v. Asher*, 2019-Ohio-1317.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO. C-180163
                                                   TRIAL NO. B-1704636
    Plaintiff-Appellee,              :
                                                   *O P I N I O N.*
  vs.                                  :

JUSTIN ASHER,                           :

    Defendant-Appellant.             :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 10, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   Defendant-appellant Justin Asher appeals his conviction for improperly handling a firearm in a motor vehicle, a felony of the fourth degree.  In two assignments of error, Asher argues that the trial court erred by accepting his guilty plea and that the trial court erred in the imposition of sentence.  Finding no merit to his assignments of error, we affirm the trial court's judgment.

{¶2}   Asher was indicted for improperly handling a firearm in a motor vehicle and carrying a concealed weapon.  He pled guilty to improperly handling a firearm in a motor vehicle, and the charge of carrying a concealed weapon was dismissed.  The trial court sentenced Asher to a five-year period of community control.  Included in the various conditions of community control that were imposed on Asher was 180 days' incarceration in the Hamilton County Justice Center.  The court additionally ordered forfeiture of the firearm involved in the offense.

{¶3}   In his first assignment of error, Asher argues that the trial court erred by accepting his guilty plea.  He specifically contends that the trial court should have sua sponte vacated his plea after he protested his innocence at the sentencing hearing.

{¶4}   Crim.R. 11(C)(2) requires a trial court, before accepting a guilty plea to a felony offense, to address the defendant and verify that the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty available.  The court must additionally inform the defendant of various constitutional rights that the defendant is waiving by entering a guilty plea. *State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 5; *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶5}   Prior to accepting Asher's plea, the trial court confirmed that Asher could read and write, that he was not under the influence of any drugs, medication, or alcohol, and that he had not been threatened or promised anything to induce him to plead guilty. Asher acknowledged that he had read the plea form and discussed it in detail with his attorney. The trial court ascertained that Asher understood the effect of the plea, the nature of the charges, and the maximum penalty that he faced. It further informed Asher of the various constitutional rights that he was waiving by entering a plea of guilty. Following this colloquy, the court accepted Asher's plea.

{¶6}   The case was continued for sentencing. When the parties returned to court, the trial court gave Asher the opportunity to offer mitigating evidence. Asher stated that "I know a lot of people say they're innocent, but I really am innocent." The court then inquired of Asher what he meant by that. Asher replied, "I really didn't think I committed any crimes." He then admitted again that he had the gun in his possession, along with other facts. The trial court then heard from both defense counsel and the state before imposing sentence.

{¶7}   Following our review of the record, we conclude that the trial court fully complied with the requirements of Crim.R. 11(C)(2) and that Asher entered his guilty plea knowingly, intelligently, and voluntarily. Asher's later claim of innocence at the sentencing hearing did not require the trial court to inquire further or to sua sponte vacate the plea. First, Asher was not claiming he did not commit the acts alleged (he again admitted possession of the gun in the car). Rather, he was stating that he did not think his action constituted a crime. Even if he were claiming he did not engage in the conduct, "a defendant's protestations of innocence, however, are insufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered." *State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, ¶ 13. Once a defendant has pled guilty and that plea has been accepted in accordance with Crim.R. 11, courts are not required to probe into a defendant's reasons for pleading guilty, despite a later claim of innocence. *Id.* at ¶ 13; *State v.*

*Wynn*, 1st Dist. Hamilton Nos. C-150051 and C-150052, 2015-Ohio-4646, ¶ 12. Asher had the opportunity pursuant to Crim.R. 32.1 to file a motion to vacate his plea, and he failed to do so. *See Wynn* at ¶ 12.

{¶8} The trial court did not err in accepting Asher's guilty plea. The first assignment of error is overruled.

{¶9} In his second assignment of error, Asher argues that the trial court erred in sentencing him to a five-year period of community control. Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the mandatory sentencing findings or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶10} The trial court was not required to make any mandatory sentencing findings in this case. And the sentence imposed was not contrary to law. R.C. 2929.15(A)(1) provides that the duration of community-control sanctions imposed on a defendant shall not exceed five years. The five-year period of community control imposed by the trial court fell within the statutorily authorized period.

{¶11} Asher's second assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.


**CROUSE** and **WINKLER, JJ.,** concur.



Please note:

The court has recorded its own entry on the date of the release of this opinion.