[Cite as *State v. Hudson*, 2019-Ohio-5136.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-924 |
| v. | : | (C.P.C. No. 17CR-5869) |
| Michael A. Hudson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 12, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Brian J. Rigg*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Michael A. Hudson, appeals from a judgment of the Franklin County Court of Common Pleas convicting him, following entry of a guilty plea, to one count of obstructing official business. Before this court is a counseled brief filed pursuant to *Anders v. California,* 386 U.S. 738 (1967). For the reasons outlined below, we affirm the judgment of the trial court.

{¶ 2} On October 27, 2017, a Franklin County Grand Jury indicted appellant on two counts of assault in violation of R.C. 2903.13, both felonies of the fourth degree, and one count of obstructing official business in violation of R.C. 2921.31, a felony of the fifth degree. The charges arose out of an October 18, 2017 incident involving an altercation between appellant and two Columbus police officers.

{¶ 3} During the course of the criminal proceedings, the issue of appellant's competency arose. As a result, the trial court ordered appellant to submit to a psychiatric evaluation at Netcare Forensic Psychiatry Center. Following that evaluation, the trial court held an evidentiary hearing on September 12, 2018 to determine appellant's competency. The parties stipulated to the results of the competency evaluation, which found appellant competent to stand trial. Based upon that stipulation and its own observations of appellant's demeanor during the criminal proceedings, the trial court found appellant competent to stand trial.

{¶ 4} On the same day, appellant entered a plea of guilty to one count of obstructing official business as charged in the indictment in exchange for a nolle prosequi on the assault charges. According to the prosecution's recitation of facts at the plea hearing, on October 18, 2017, Officers Derdzinski and Nowalk were dispatched to transport a vehicle from the scene of a reported assault on Marion Road. During the investigation, appellant was handcuffed and placed in the rear of a police cruiser. In an effort to mollify appellant's complaints of pain in his back and shoulders, the officers put two sets of handcuffs on him so the handcuffs would not be so tight. During this process, appellant managed to slip the handcuffs to the front of his body. The officers then opened the rear door of the cruiser, and a struggle ensued. When appellant bit the arm of one of the officers, the other officer removed appellant from the cruiser and attempted to gain control of him by placing him on the ground. Appellant and that officer engaged in a scuffle which resulted in the officer being struck in the left leg. The officers eventually gained control of appellant and transported him to jail.

{¶ 5} Following the recitation of facts and a Crim.R. 11 colloquy, the trial court found appellant guilty of one count of obstructing official business, ordered a presentence investigation ("PSI"), and set a sentencing date. At the November 1, 2018 sentencing hearing, the parties and the trial court discussed much of the information contained in the PSI report, including the fact that appellant was currently awaiting trial in the Franklin County Municipal Court on charges of assault and aggravated menacing stemming from an alleged domestic violence incident that immediately preceded, and was the apparent impetus for, the incident involving the officers in the instant case. The court and the parties also discussed appellant's interview with the PSI writer, during which appellant expressed

hostility toward police officers, stating, among other things, that "I understand why people shoot cops in the face at stop signs now." (Nov. 1, 2018 Sentencing Tr. at 10; PSI report at 14.) The court expressed apprehension about this comment, particularly noting concerns about police safety and the negative impression such a comment might have on appellant's ten-year old child. The court also noted that appellant was currently attending weekly mental health treatment sessions. In this regard, the PSI report indicated that appellant admitted that he had been diagnosed with "extreme depression and anxiety." (PSI report at 11.) Although not discussed extensively at the sentencing hearing, the PSI report also indicated that appellant was incarcerated at the Ohio Department of Rehabilitation and Correction from May 1997 to August 2006 following convictions for felonious assault, breaking and entering, and vandalism, all felonies. During the course of the sentencing hearing, counsel for appellant advocated for the imposition of community control sanctions rather than prison time. In contrast, the prosecution requested that the trial court impose a term of imprisonment.

{¶ 6} At the conclusion of the sentencing hearing, the trial court imposed a four-year period of community control under direct placement and intensive supervision on the mental health caseload, provided appellant had no new convictions. The court also ordered that appellant abide by the rules and regulations of the probation department, stay linked with mental health treatment and follow any recommended treatment, and possess no firearms. The trial court memorialized its judgment in an entry filed November 2, 2018.

{¶ 7} Through his appointed appellate counsel, appellant filed a timely appeal to this court. Counsel advised this court that he had reviewed the record and could not find a meritorious claim for appeal. As a result, counsel filed a brief pursuant to *Anders* and, by a notice filed on April 19, 2019, certified that a copy of the appellate brief was mailed to appellant. In a journal entry filed April 29, 2019, this court notified appellant of his right to file a supplemental brief and granted counsel's January 22, 2019 motion to withdraw as counsel. Appellant did not file a supplemental brief. Accordingly, the matter is before this court upon the *Anders* brief filed by appellant's former appellate counsel and the response brief filed by plaintiff-appellee, State of Ohio.

{¶ 8} In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, appellate counsel concludes that a defendant's case is wholly

frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request to withdraw with a brief outlining anything in the record that arguably could support the defendant's appeal. *Id.* Counsel must also: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters the defendant chooses. *Id.*

{¶ 9} Upon receipt of an *Anders* brief, an appellate court must conduct an examination of the proceedings in order to determine whether the case is wholly frivolous. *Id.* After full review of the proceedings below, if the appellate court finds only frivolous issues on appeal, it then may proceed to address the merits of the case without affording the defendant the assistance of counsel. *Id.* If, however, the appellate court concludes that there are non-frivolous issues for appeal, the court must afford the defendant the assistance of counsel to address those issues. *Id.*

{¶ 10} In his *Anders* brief, appellant's former appellate counsel set forth the following potential assignment of error for our review:

> There is no non[-]frivolous issue regarding defendant-appellant's sentence.

{¶ 11} "An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law." *State v. Maxwell,* 10th Dist. No. 18AP-341, 2019-Ohio-2191, ¶ 6. *See also State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"). " 'In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines.' " *Maxwell* at ¶ 6, quoting *State v. Maxwell,* 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Marcum* at ¶ 22, quoting *Cross v. Ledford,* 161 Ohio St. 469 (1954). A sentence is not clearly and convincingly contrary to law where the record reflects that the trial court considered the purposes of R.C. 2929.11, weighed the seriousness and recidivism factors listed in R.C. 2929.12, and imposed a sentence within the permissible statutory range. *State v. Gore,* 10th Dist. No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 12}   "In sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are 'to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government.' " *State v. Wilburn,* 10th Dist. No. 17AP-602, 2018-Ohio-1917, ¶ 7, quoting R.C. 2929.11(A). "This requires consideration of 'the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.' " *Id.*, quoting R.C. 2929.11(A). "Further, pursuant to R.C. 2929.12(A), the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors." *Id.*

{¶ 13} The record in this case affirmatively demonstrates that the trial court considered R.C. 2929.11 and 2929.12. In its judgment entry, the court noted that it "has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." (Jgmt. Entry at 1.) Such language in a judgment entry by itself belies an offender's claim that the trial court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the R.C. 2929.12 factors regarding the seriousness of the offender's conduct and the likelihood of recidivism. *Id.* at ¶ 8-9.

{¶ 14}  Further, " ' [i]f in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender,' the trial court may impose one or more community control sanctions, including residential, nonresidential, and financial sanctions, and any other conditions that it considers 'appropriate.' " *State v. Ettenger,* 10th Dist. No. 18AP-326, 2019-Ohio-2085, ¶ 7, quoting 2929.15(A)(1); *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 10. "The law favors the imposition of sentences composed of one or more community-control sanctions,

particularly for low-level felonies." *State v. Amos,* 140 Ohio St.3d 238, 2014-Ohio-3160, ¶ 10. "The policy favoring community-control sanctions is a reflection of the general policy in R.C. 2929.11(A) that a sentence should be composed of the 'minimum sanctions' necessary to protect the public and punish individuals while not placing an 'unnecessary burden' on state and local resources." *Id.* The duration of all community control sanctions imposed on an offender may not exceed five years. R.C. 2929.15(A)(1); *State v. Asher,* 1st Dist. No. C-180163, 2019-Ohio-1317, ¶ 10.

{¶ 15} A trial court has broad discretion in imposing community control sanctions. *Ettenger* at ¶ 8. Accordingly, an appellate court reviews a trial court's imposition of community control sanctions under an abuse of discretion standard. *Id.* at ¶ 7. An abuse of discretion connotes a decision that was unreasonable, arbitrary, or unconscionable. *Id.,* citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 16} However, a trial court's discretion in imposing community control sanctions is not without limit. *Id.* at ¶ 8. Community control sanctions must reasonably relate to the goals of community control, i.e., rehabilitation, administering justice, and ensuring good behavior. *Id.,* citing *Talty* at ¶ 16. Moreover, community control sanctions " 'cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.' " *Id.,* quoting *State v. Jones,* 49 Ohio St.3d 51, 52 (1990).

{¶ 17} The community control sanctions imposed here are not so overly broad as to unnecessarily impinge upon appellant's liberty, and they reasonably relate to the goals of community control regarding rehabilitation, the administration of justice, and ensuring good behavior. As noted above, the prosecution argued that appellant should serve a term of imprisonment for his offense; the trial court rejected that request in favor of nonresidential community control sanctions. R.C. 2929.17 provides a nonexhaustive list of nonresidential sanctions, including "[a] term of intensive probation supervision." R.C. 2929.17(E). Here, the trial court imposed a four-year term of intensive supervision on the mental health docket and ordered that appellant continue with mental health treatment. Both conditions are reasonable given that appellant was referred for psychiatric evaluation early in the proceedings and that appellant admitted to having mental health issues and was receiving treatment for those mental health issues. The trial court's sanction prohibiting appellant from possessing a firearm was also reasonable, given his statement

in the PSI report that he understood why people shoot police officers and given his prior conviction for three felony offenses.  Finally, we note that the trial court imposed only four years of community control, which is less than the statutory maximum permitted under R.C. 2929.15(A)(1).

{¶ 18} Having reviewed the entire record, including, but not limited to the transcripts of the plea and sentencing hearings and the PSI report, we conclude that the sentence appellant received was supported by the record and was not contrary to law. Accordingly, we find no merit to appellant's sole potential assignment of error.

{¶ 19} After our independent review of the record, we are unable to find any non-frivolous issues for appeal, and we agree with appellant's former appellate counsel and appellee that the issues raised in the *Anders* brief are not meritorious.  Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.