[Cite as *State v. Cochran*, 2024-Ohio-1997.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 23AP-258 |
| | | (C.P.C. No. 20CR-238) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Douglas B. Cochran, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 23, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael A. Walsh*, for appellee. **Argued:** *Michael A. Walsh*.

**On brief:** *Campbell Law*, *LLC*, and *April F. Campbell*, for appellant. **Argued:** *April F. Campbell*.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Douglas B. Cochran, appeals from a judgment of the Franklin County Court of Common Pleas convicting him, following his guilty pleas, of three counts of gross sexual imposition and one count of importuning. The trial court imposed a total prison sentence of five years for these offenses. For the following reasons, we affirm.

I. Procedural Background

{¶ 2} In January 2020, the Franklin County Grand Jury indicted Cochran on three counts of gross sexual imposition, in violation of R.C. 2907.05, each third-degree felonies, and one count of importuning, in violation of R.C. 2907.07, also a third-degree felony. The indictment was based on alleged criminal conduct involving a minor occurring between August 2010 and August 2013. Cochran initially pled not guilty. In February 2023,

however, Cochran changed his plea to guilty on all four counts. The trial court imposed sentences of 5 years in prison on each of the gross sexual imposition counts, and 36 months in prison on the importuning count. The trial court ordered these sentences be served concurrently, for a total of 5 years of incarceration.

{¶ 3} Cochran timely appeals.

## II. Assignments of Error

{¶ 4} Cochran assigns the following two assignments of error for our review:

> [I.] Cochran's sentences should be reversed because trial counsel was ineffective with resulting prejudice:
>
> A. He failed to file a not guilty by reason of insanity plea on Cochran's behalf.
>
> B. He did not review medical records that documented a severe mental defect at the time the offenses occurred.
>
> C. He failed to submit Cochran's medical records, as well as the forensic psychiatrist's evaluation in support of that plea on Cochran's behalf.
>
> [II.] Cochran's sentences should be reversed, because there is clear and convincing evidence that the record does not support the trial court's imposition of the maximum sentence, and his sentence is also contrary to law.

## III. Discussion

{¶ 5} In his first assignment of error, Cochran argues he received ineffective assistance of counsel. This assignment of error lacks merit.

{¶ 6} In order to prevail on a claim of ineffective assistance of counsel, Cochran must satisfy a two-prong test. First, he must demonstrate that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This first prong requires Cochran to show that his counsel committed errors which were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If Cochran can so demonstrate, he must then establish that he was prejudiced by the deficient performance. *Id.* To show prejudice, Cochran must establish there is a reasonable probability that, but for his counsel's errors, the results of the trial

would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial. *Id.* at 694. In considering claims of ineffective assistance of counsel, courts review these claims with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101. And a court is not required "to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland* at 697.

{¶ 7} Cochran contends his trial counsel was ineffective in: (1) not filing a not guilty by reason of insanity ("NGRI") plea on his behalf; (2) not reviewing medical records documenting his severe mental defect at the time he committed the offenses; and (3) not submitting his medical records and forensic psychiatrist's evaluation in support of an NGRI plea. Cochran argues these deficiencies prejudiced him and therefore he met both prongs of the *Strickland* test.

{¶ 8} Each of the deficiencies alleged by Cochran relates to the affirmative defense of insanity, which must be proven by a preponderance of the evidence. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 64; R.C. 2901.05(A). The defendant must persuade the trier of fact that "at the time of the commission of the offense, the [defendant] did not know, as a result of a severe mental disease or defect, the wrongfulness of the [defendant's] acts." R.C. 2901.01(A)(14). Conversely, a defendant cannot avoid criminal responsibility if the defendant "knows his or her conduct violates the law and commonly held notions of morality." *State v. Jennings*, 10th Dist. No. 05AP-1051, 2006-Ohio-3704, ¶ 22. This means, to prove insanity, demonstrating a mental defect is not enough; the defendant must also show an inability to understand right from wrong.

{¶ 9} Here, Cochran asserts the record contains evidence that he did not know the wrongfulness of his conduct because of a severe mental disease or defect, and that, based on this information, his trial counsel should have pursued this affirmative defense on his behalf. In support, he cites information in the sentencing memorandum indicating he had a brain tumor the size of a fist removed in 2009, and that he suffered from multiple cranial infections in the years following the tumor removal, which overlapped the years of his

criminal conduct. The sentencing memorandum requested lenience based on Cochran's significant medical difficulties and its impact on him. The sentencing memorandum also described the observations of a psychologist[1] who interviewed Cochran and reviewed his medical records. The memorandum indicates the psychologist described the impact of a brain tumor and related treatment on a person's brain functioning, including neurological, cognitive, and psychiatric effects, such as personality and behavioral changes. The psychologist opined that Cochran's behavioral changes described by family members, such as cognitive and emotional problems, were consistent with scientific research regarding brain tumors and their treatment. Notably absent from the sentencing memorandum, however, is any indication that Cochran's medical condition negated or even altered his understanding of right from wrong. Similarly, at the sentencing hearing, Cochran's counsel reiterated that Cochran's criminal actions were an anomaly, and he requested the court to consider this and the medical circumstance as mitigating factors for the purpose of sentencing. In support, his counsel noted the psychologist opined that "it simply cannot be ruled out that the removal of this gigantic brain tumor was the impetus for his actions." (Mar. 30, 2023 Tr. at 17.) In his statement to the sentencing court, Cochran acknowledged the harm he caused, but he also referenced his medical condition and its impact on his ability to recall what occurred. At the hearing, neither Cochran nor his counsel indicated his mental ability to process right from wrong was ever compromised.

{¶ 10} At most, this information reasonably indicates Cochran sustained memory problems and behavioral changes due to the brain tumor and related medical treatment and complications. It does not, however, reasonably demonstrate Cochran's medical condition caused him not to understand the wrongfulness of his conduct. Further, that Cochran's criminal conduct was inconsistent with his lack of any notable criminal history does not, in itself, support an inference that he did not understand right from wrong. Under these circumstances, Cochran fails to demonstrate his trial counsel was ineffective in not pursuing a NGRI plea. *See State v. Walker*, 6th Dist. No. L-22-1032, 2023-Ohio-140, ¶ 30 ("Where facts and circumstances indicate that an NGRI plea would have had a reasonable

---

[1] Cochran's briefing refers to a psychiatrist's evaluation, but the sentencing memorandum refers to a psychologist's report.

probability of success, it is ineffective assistance of counsel to fail to enter the plea[,]" but where "facts indicate that counsel was pursuing a reasonable strategy in not so pleading, or where the likelihood of success for the plea is low, the decision is not unreasonable.").

{¶ 11} Because Cochran fails to show that an NGRI plea would have had a reasonable probability of success, trial counsel's failure to pursue that plea was reasonable and did not constitute ineffective assistance of counsel. Accordingly, Cochran's first assignment of error is overruled.

{¶ 12} Cochran's second assignment of error asserts the trial court erred in imposing maximum sentences. He argues the record does not support the sentences, and they are contrary to law. This assignment of error is not well-taken.

{¶ 13} It is well-established that a trial court has "full discretion to impose a prison sentence within the [applicable sentencing] range." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. But in sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). This requires consideration of "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *State v. Wilburn*, 10th Dist. No. 17AP-602, 2018-Ohio-1917, ¶ 7. "Further, pursuant to R.C. 2929.12(A), the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors." *Id.* Although a trial court must weigh these sentencing factors, neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. O.E.P.-T.*, 10th Dist. No. 21AP-500, 2023-Ohio-2035, ¶ 116. Therefore, the trial court has the discretion to determine, upon considering and weighing all relevant factors, what sentence would best serve the purposes and principles of sentencing. *State v. Anderson*, 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 14 (trial court, in exercising

discretion, determines weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances).

{¶ 14} R.C. 2953.08(G)(2) generally governs our review of felony sentences. *See*, *e.g.*, *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 26-42. Under this statute, we are permitted to modify or vacate a sentence only if we clearly and convincingly find either: (1) the record does not support the sentencing court's findings under certain statutes, namely "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code," none of which are implicated here; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 12, 30-39; R.C. 2953.08(G)(2). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"); *State v. McKnight*, 9th Dist. No. 22CA0027-M, 2023-Ohio-1933, ¶ 16 (R.C. 2953.08(G)(2) "does not authorize this Court to consider whether the maximum sentences are supported by the record."). A sentence is contrary to law if the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *See*, *e.g.*, *State v. Dodson*, 10th Dist. No. 20AP-297, 2021-Ohio-2415, ¶ 11. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. In sum, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶ 15} Here, Cochran asserts that, although his sentences are within the applicable statutory ranges, they are contrary to law. He argues the record does not support the trial court's imposition of maximum sentences because, before he committed these offenses, he was a law-abiding citizen with no criminal record, he did not violate bond, and proportionality and the likelihood of his rehabilitation both favored lesser sentences. He reasons that the trial court did not adequately consider these circumstances because, if it had, it would not have imposed maximum sentences. As such, he contends the trial court

erroneously did not give due consideration to all sentencing factors. In substance, Cochran's challenge to his sentences reflects his disagreement with the weight given to the sentencing factors. But this court cannot review whether the trial court properly weighed the sentencing factors. *State v. Bruce*, 10th Dist. No. 21AP-376, 2022-Ohio-909, ¶ 40. That is, Cochran's disagreement with the trial court's balancing of the sentencing factors " 'does not make a sentence that falls within the applicable statutory range contrary to law.' " *Anderson*, 2017-Ohio-7375, at ¶ 14, quoting *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 10, citing *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 16. *See also State v. D.S.*, 10th Dist. No. 15AP-790, 2016-Ohio-2856, ¶ 15 ("Although appellant appears to disagree with the trial court's analysis and application of the purposes and principles of sentencing set forth by R.C. 2929.11 and the statutory factors set forth by R.C. 2929.12, such disagreement does not make a sentence that falls within the applicable statutory range contrary to law."). Thus, we decline Cochran's request to reweigh the sentencing factors to determine the appropriate sentences for his offenses.

{¶ 16} Because Cochran fails to demonstrate trial court error in his sentencing, we overrule his second assignment of error.

## IV. Disposition

{¶ 17} Having overruled Cochran's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and LELAND, JJ., concur.