[Cite as *State v. Henderson*, 2025-Ohio-5018.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-669 |
| v. | : | (C.P.C. No. 23CR-6608) |
| Joshua J. Henderson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 4, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Blaise G. Baker*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Joshua J. Henderson, appeals from a July 24, 2024 judgment entry of the Franklin County Court of Common Pleas sentencing him to 36 months in prison following a guilty plea to the charge of violating a protection order, a violation of R.C. 2919.27, a felony of the third degree. Before this court is a brief filed by Henderson's counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 29, 2023, Henderson was indicted on one count of violating a protection order in violation of R.C. 2919.27, a felony of the third degree; one count of theft in violation of R.C. 2913.02, a felony of the fifth degree; and receiving stolen property in violation of R.C. 2913.51, a felony of the fifth degree. On January 8, 2024, Henderson entered a plea of not guilty to the counts in the indictment.

{¶ 3} On June 6, 2024, Henderson changed his plea from not guilty to guilty on the count of violating a protection order. The state nolled the counts of theft and receiving stolen property.

{¶ 4} At the June 6, 2024 hearing where Henderson changed his plea, the state provided a statement of the facts which led to Henderson's indictment. The state proffered that S.D. stated on December 18, 2023, at approximately 12:00 a.m., she was contacted by Henderson, despite her having a civil protection order against him. S.D. stated that Henderson then came over to her apartment and demanded to be let in, threatening that he would shoot at the door if she did not let him in. S.D. said that she let Henderson in and was with him until around 8:30 a.m. when she left the apartment as Henderson went to use the bathroom. S.D. told officers that she went to a grocery store and attempted to call Henderson's probation officer and her landlord. She later called the police at 1:30 p.m. When S.D. returned to her apartment with police officers, a large flat screen TV had been smashed and a few of her belongings were missing. Henderson was arrested later that day and was found with a stolen handgun and numerous items with S.D.'s name on them, including mail, credit cards, her ID, and medications.

{¶ 5} At the change of plea hearing, the trial court engaged in a Crim.R. 11 colloquy. The trial court confirmed that Henderson had discussed his change of plea with his attorney, and that he understood the maximum possible prison sentence, possible fines, and parole supervision he faced for a third-degree felony. Henderson also confirmed he understood he was giving up his right to a trial and that he knowingly, intelligently, and voluntarily waived these rights.

{¶ 6} On July 23, 2024, the trial court sentenced Henderson to 36 months in the custody of the Ohio Department of Rehabilitation and Correction and imposed restitution in the amount of $500.

## II. ANALYSIS

{¶ 7} Though Henderson filed a timely appeal from the judgment of the trial court, his appellate counsel has submitted an *Anders* brief on his behalf, in which he certifies that, having conscientiously examined the record, this appeal is frivolous and presents no issues of arguable merit. Henderson's counsel simultaneously filed a motion to withdraw as counsel, which we have previously granted.

{¶ 8} This court has set forth appellate counsel's responsibility when filing an *Anders* brief as follows:

> In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, appellate counsel concludes that a defendant's case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request to withdraw with a brief outlining anything in the record that arguably could support the defendant's appeal. Counsel must also: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters the defendant chooses.

(Internal citation omitted.) *State v. Hudson,* 2019-Ohio-5136, ¶ 8 (10th Dist.); *see also State v. Albert,* 2019-Ohio-1012, ¶ 9 (10th Dist.).

{¶ 9} Appellate counsel has elected to file an *Anders* brief and has not identified any potential assignments of error for review. In accordance with *Anders*, counsel furnished Henderson with a copy of the brief, which included counsel's request for permission to withdraw from the case. *See Anders* at 744. Since the filing of the *Anders* brief, we have afforded Henderson sufficient time to file a supplemental brief, however, Henderson has not done so.

{¶ 10} When an appellant does not file a pro se brief in response to an *Anders* brief, a reviewing court must still examine any potential assignments of error and the entire record below to determine if the appeal lacks merit. *Albert* at ¶ 11, citing *State v. A.H.*, 2017-Ohio-7680, ¶ 18 (10th Dist.), citing *State v. Cooper*, 2009-Ohio-6275 (10th Dist.). "After full review of the proceedings below, if the appellate court finds only frivolous issues on appeal, it then may proceed to address the merits of the case without affording the defendant the assistance of counsel." *Hudson* at ¶ 9. If, however, the reviewing court finds that there are non-frivolous issues for appeal, the court must provide the appellant the assistance of counsel to address those issues. *Id.*

{¶ 11} Given that Henderson pled guilty, we only have before us the change of plea hearing and sentencing transcripts, which include scant factual details. Our examination of the limited record, however, has not revealed any non-frivolous issues for appeal. At the June 6, 2024 plea hearing, the trial court underwent a thorough Crim.R. 11 colloquy to

ascertain that Henderson was knowingly, intelligently, and voluntarily changing his plea and waiving his rights to a jury trial.

**{¶ 12}** We similarly do not find any non-frivolous issue in Henderson's sentencing. R.C. 2919.27 provides that a violation of "a protection order or consent agreement while committing a felony offense . . . is a felony of the third degree." R.C. 2919.27(B)(4). For a third-degree felony, the maximum penalty is three years in prison and a discretionary period of post-release control of up to three years but no less than one year. R.C. 2929.14(A)(3)(b), (D)(2); R.C. 2967.28(B)(4). In sentencing Henderson to 36 months in prison and giving notice that, after being released from prison, he may be subject to a period of post-release control of up to three years, the trial court imposed a legal sentence. (June 6, 2024 Plea and Sentencing Tr. at 3-4.)

## III. CONCLUSION

**{¶ 13}** After our own independent review of the record, we cannot find any non-frivolous issues for appeal. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, J., concurs.
DORRIAN, J. concurs in judgment only.

———————————