[Cite as *State v. Pack*, 2023-Ohio-3076.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,                   :                    No. 22AP-56
                                                (C.P.C. No. 20CR-5856)

v.                                                     :

                                                  (REGULAR CALENDAR)

Brandon L. Pack,                                       :

        Defendant-Appellant.                  :

---

D E C I S I O N

Rendered on August 31, 2023

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*.

**On brief:** *Jeffery M. Blosser* for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Brandon L. Pack, appeals the judgment of the Franklin County Court of Common Pleas issued on January 12, 2022. For the following reasons, we affirm.

{¶ 2} Mr. Pack was indicted on December 15, 2020 with the following: 12 counts of felonious assault in violation of R.C. 2903.11, all felonies of the first degree; one count of aggravated riot in violation of R.C. 2917.02, a felony of the fourth degree; one count of aggravated arson in violation of R.C. 2909.02, a felony of the first degree; one count of vandalism in violation of R.C. 2909.05, a felony of the fifth degree; and one count of breaking and entering in violation of R.C. 2911.13, a felony of the fifth degree.

{¶ 3} On September 22, 2021, Mr. Pack, represented by counsel, pled guilty to one count of aggravated riot, three counts of felonious assault, one count of vandalism, and one

count of breaking and entering. The trial court entered a nolle prosequi as to the remaining ten charges.

{¶ 4} Mr. Pack, his attorney, and an assistant prosecutor for the State of Ohio appeared for a sentencing hearing on November 30, 2021. (Jan. 12, 2022 Jgmt. Entry at 1.) Both of the attorneys made statements on the record for the trial court's consideration. Mr. Pack also spoke on the record and expressed remorse for his conduct. In a judgment entry issued January 12, 2022, the trial court imposed an aggregate sentence of a minimum of eight years to a maximum of nine and one-half years in prison. (*Id.* at 2.) The trial court noted in its decision that it considered the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 in reaching this determination. (*Id.*)

{¶ 5} Mr. Pack timely appealed his conviction order and raises the following assignment of error for our review:

> The trial court erred to the prejudice of Appellant by sentencing him in contravention of Ohio's sentencing statutes.

{¶ 6} Under his sole assignment of error, Mr. Pack contends the trial court failed to consider the principles and purposes of felony sentencing in its decision, and thus imposed sentences in contravention of the sentencing framework set forth in R.C. 2929.11 and 2929.12.

{¶ 7} R.C. 2929.11(A) provides a trial court "shall be guided by the overriding purposes of felony sentencing" when making a sentencing determination. To comply with the principles and purposes of felony sentencing, the trial court is permitted to exercise discretion in order to select an appropriate sentence. R.C. 2929.12(A). In exercising its discretion, the trial court must consider the application of the factors contained in R.C. 2929.12(B) that are relevant to the determination. Sentencing entries may be appealed as a matter of right pursuant to R.C. 2953.08.

{¶ 8} Mr. Pack argues his sentence is contrary to the principles and purposes of felony sentencing and thus should be remanded for resentencing in compliance with R.C. 2929.11 and 2929.12. Both this court and the Supreme Court of Ohio have recently

addressed the authority of an appellate court to review a sentence challenged under R.C. 2929.11 and 2929.12.

{¶ 9}   In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the Supreme Court held that absent an express statutory authorization, appellate review of a felony sentence is confined to whether the sentence is clearly and convincingly contrary to law.  *Id*. at ¶ 32, citing R.C. 2953.08(G)(2)(b).  Because the statute does not contain any such exception for sentences challenged under R.C. 2929.11 and 2929.12, the only proper determination is whether the entry is in accordance with law.  *Id*. at ¶ 31.  Even a determination that the sentence is unsupported by the record will not permit reversal.  "When we consider the evolution of R.C. 2953.08(G), it is evident that an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)."  *Id*. at ¶ 34.  This holding was conceded by Mr. Pack.  (Appellant's Brief at 11.)

{¶ 10} Notwithstanding the *Jones* decision and Mr. Pack's concession, he asks this court to vacate his sentence and remand the matter to the trial court for a new sentencing hearing where the court can reweigh the evidence in the record.  (Appellant's Brief at 12.) We recently addressed a similar request, wherein the appellant asserted the trial court inaccurately applied the factors and considerations required under R.C. 2929.11 and 2929.12 but did not contend the sentence was otherwise contrary to law.  *See State v. Bruce*, 10th Dist. No. 21AP-376, 2022-Ohio-909, ¶ 40.  We concluded that such review was not permitted.  "Under *Jones*, and as acknowledged by appellant, this type of issue is not reviewable on appeal.  Because *Jones* is precedent dispositive of the issue raised by appellant in this case, we abide by it and find appellant's argument to the contrary to lack merit." *Id.*

{¶ 11} As in *Bruce,* Mr. Pack does not assert his sentence was contrary to law, but instead claims the facts of his case and the purposes and principles of felony sentencing were not given due consideration by the trial court.  The court considered the principles and purposes of felony sentencing on the record during Mr. Pack's sentencing hearing and the court's entry reflects it engaged in the required analysis under R.C. 2929.11

and 2929.12. Bound by precedent, we may not review further. Accordingly, Mr. Pack's assignment of error is overruled.

{¶ 12} Having overruled Mr. Pack's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.