[Cite as *State v. Ogletree*, 2019-Ohio-3999.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-009** |
| JAMES J. OGLETREE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 000719.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Ruth R. Fischbein-Cohen,* 3552 Severn Road, Cleveland Heights, OH 44118 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, James J. Ogletree, appeals the judgment of the Lake County Court of Common Pleas sentencing him to a total of 16 years and 56 months imprisonment. For the reasons discussed herein, the judgment is affirmed.

{¶2} On the evening of July 16, 2018, Mr. Ogletree and three co-defendants drove to Silverado's Arms, a federally licensed firearms dealer, in a stolen Chevy Sonic. Some of the co-defendants broke the glass front window, entered, and removed 13

firearms from their shelving unit and placed them in a duffle bag. They were interrupted by the arrival of the Mentor Police Department and fled.

{¶3} Mr. Ogletree and one of his co-defendants fled in the stolen Chevy Sonic. When the vehicle crashed, Mr. Ogletree continued his flight on foot until he encountered a woman in a nearby medical facility's parking lot. He forcibly removed her from her Chevy Equinox, knocking her to the ground and causing her bruising. He tossed her oxygen canister out of the car before driving off in her vehicle. In his flight, he drove through three different counties, exceeding 100 miles per hour, committing numerous traffic infractions and failing to stop for multiple police officers who had their lights and sirens activated. The chase ended when the vehicle crashed into another vehicle.

{¶4} Mr. Ogletree was indicted on seven counts; to wit, Count One, attempted grand theft when the property stolen is a firearm or dangerous ordnance, a felony of the second degree, in violation of R.C. 2923.02; Count Two, breaking and entering, a felony of the fifth degree, in violation of R.C. 2911.13(A); Count Three, failure to comply with the order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B); Count Four, failure to comply with the order or signal of a police officer, a felony of the fourth degree, in violation of R.C. 2921.331(B); Count Five, robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2); Count Six, receiving stolen property (namely, the Chevy Sonic), a felony of the fourth degree, in violation of R.C. 2913.51(A); and Count Seven, receiving stolen property (namely, the Chevy Equinox), a felony of the fourth degree, in violation of R.C. 2913.51(A).

{¶5} Mr. Ogletree pleaded guilty to Counts One, Three, Five, and Six; the remaining counts were nolled. The court sentenced him to 8 years on Count One; 36

2

months on Count 3; 8 years on Count 5; and 18 months on Count Six, all to run consecutive to each other for a total of 16 years plus 54 months. He was also ordered to pay restitution and his driver's license was permanently suspended.

{¶6} Mr. Ogletree does not dispute the facts as outlined above insofar as they relate to the elements of the offenses to which he pleaded guilty. On appeal, Mr. Ogletree argues that during sentencing, the court failed to take into consideration his remorsefulness, a factor for consideration pursuant to R.C. 2929.12(4). Accordingly, his sole assignment of error for our review states:

{¶7} The trial court committed error in neglecting to consider in the sentencing an important factor of R.C. 2929.12, which would serve to reduce the sentence. Since this code is nonexhaustive, and requires a sentencing court to take into account an appeasing factor that is supported by the record, the neglect to reflect upon the specifics of 2929.12(E) served to appellant's detriment.

{¶8} Appellate courts review challenges to criminal sentences according to R.C. 2953.08(G)(2), which provides that the standard of review is not whether the sentencing court abused its discretion but whether the appellate court finds "clearly and convincingly" that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶22 and *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971.

{¶9} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum, supra* at ¶22 quoting *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. "As a practical consideration, this means that

3

appellate courts are prohibited from substituting their judgment for that of the trial judge. * * * 'This is an extremely deferential standard of review.'" *State v. Mullins*, 11th Dist. Portage No. 2012-P-0144, 2013-Ohio-4301, ¶21, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21.

{¶10} On appeal, Mr. Ogletree asserts that the court failed to consider, as required by R.C. 2929.12(E)(5), his genuine remorse for the offense. He argues it is obvious the court did not consider his remorse before sentencing "since he got maximum and consecutive sentences." Specifically, he argues that his actions were "not the worst form of criminal transgressions," and that maximum and consecutive sentences are disproportionate to the crimes.

{¶11} Mr. Ogletree points to the overriding purpose of felony sentencing, codified in R.C. 2929.11, which states the court should "us[e] the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources," and argues a reduced sentence would effectively serve this purpose. We disagree. It is clear from the record that the court made all the findings necessary to impose maximum, consecutive sentences and considered all the required factors and purposes of sentencing, including remorse; indeed, the court expressly determined that Mr. Ogletree was not genuinely remorseful.

{¶12} "In sentencing an offender for a felony, a trial court is required to consider the purposes of felony sentencing in R.C. 2929.11(A) and consider the statutory seriousness and recidivism factors in R.C. 2929.12(A)." *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio-157, ¶18. However, a sentencing court is not required to "'use specific language or make specific findings on the record in order to evince the

4

requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302. Instead, the defendant has the burden of affirmatively showing that the court did not consider the applicable sentencing criteria or that the sentence imposed is "strikingly inconsistent" with the applicable sentencing factors. *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79.

{¶13} As this court has previously held, "'"a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory principles and purposes of sentencing as well as the statutory seriousness and recidivism factors."'" (Citation omitted.) *State v. Pritschau*, 11th Dist. Lake No. 2015-L-115, 2016-Ohio-7147, ¶21 quoting *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15. Here, the sentences are within the statutory range and the court expressly noted it considered the statutory principles and purposes of sentencing, and the statutory seriousness and recidivism factors. It also found Mr. Ogletree committed the worst form of robbery and failure to comply, noting that anything more serious would have been a higher crime.

{¶14} Furthermore, in order to impose consecutive sentences, the sentencing court must find, as this court did, that:

{¶15} consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶16} * * *

5

**{¶17}** (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶18}** (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14

**{¶19}** At sentencing, the court found that R.C. 2929.14(C)(4)(b) and (c) applied, stating:

**{¶20}** Consecutive sentences are necessary to protect the public and to punish this offender. Consecutive sentences would not be disproportionate to his conduct and the danger he poses. The harm is so great or unusual on these four offenses that a single term would not adequately reflect the seriousness of his conduct, and his criminal history shows that consecutive terms are needed to protect the public from future crime.

**{¶21}** Mr. Ogletree's defense counsel argued numerous mitigating factors and Mr. Ogletree himself addressed the court, saying:

**{¶22}** Your Honor, I just want to say I take full responsibility for the parts I was involved in. * * * I don't want to make an excuse for myself at all, cause I did – I did. I just want to ask that you take in consideration that, my point of view of the whole situation.

**{¶23}** During the sentencing recommendation, the prosecutor noted that the first time Mr. Ogletree showed remorse was at sentencing, and that in a recorded jail call Mr. Ogletree said the police were lucky he didn't have his gun out or he would have shot back at them. Mr. Ogletree, through counsel, stated he did not remember making this call. No transcript or recording of the call is in the record, but a jail call recording was listed in the prosecution's discovery response.

**{¶24}** In support of his argument, Mr. Ogletree notes that he did not use a gun in his flight, that he was not the driver of the Chevy Sonic, and that aside from some

6

bruising, the owner of the Chevy Equinox was not caused serious harm. However, the owner of the Chevy Equinox testified at sentencing that she suffered severe psychological harm, including fear of strangers and nightmares, and is undergoing counseling. Mr. Ogletree did not acknowledge the victim's psychological harm. Moreover, while Mr. Ogletree was not the initial driver of the Chevy Sonic, the record indicates that when the initial driver was shot in the side of the head, Mr. Ogletree took control of the vehicle. Finally, in the pre-sentence investigation report Mr. Ogletree stated he knows what he did was bad but indicated he cannot change it. While Mr. Ogletree accepted responsibility for his actions, the record does not show he ever apologized or otherwise expressed regret. Only his defense counsel stated he was remorseful and would take back his actions if he could.

{¶25} The court stated that it considered all the statements made by Mr. Ogletree, his defense counsel, and the prosecutor, as well as the pre-sentence investigation report and victim impact statement, and nevertheless found that Mr. Ogletree did not display genuine remorse. Thus, we find the court did consider whether Mr. Ogletree was remorseful and, accordingly, the sentence was not clearly and convincingly unsupported by the record or otherwise contrary to law.

{¶26} Mr. Ogletree's sole assignment of error is without merit.

{¶27} The judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.

7