[Cite as *State v. Dodson*, 2021-Ohio-2415.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-297<br>(C.P.C. No. 19CR-5480) |
| | | & |
| v. | : | No. 20AP-298<br>(C.P.C. No. 19CR-2331) |
| Richard L. Dodson, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 15, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee.

**On brief:** *Rhys B. Cartwright-Jones*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Richard L. Dodson, appeals from judgments of the Franklin County Court of Common Pleas sentencing him for possession of heroin and failure to appear as required by recognizance. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This is an appeal from two trial court judgments. In Franklin County Court of Common Pleas case No. 19CR-2331, Dodson was indicted on one count of possession of heroin, a violation of R.C. 2925.11 and a third-degree felony; one count of possession of cocaine, a violation of R.C. 2925.11 and a fifth-degree felony; and one count of aggravated possession of drugs, a violation of R.C. 2925.11 and a fifth-degree felony. On January 30, 2020, Dodson pleaded guilty to the heroin possession count. A nolle prosequi was entered as to the other two counts. For the heroin possession conviction, the trial court found

Dodson not amenable to community control and sentenced him to three years in prison, to be served concurrently with the sentence imposed in Franklin C.P. No. 19CR-5480.

{¶ 3}    In Franklin County Court of Common Pleas case No. 19CR-5480, Dodson was indicted on one count of failure to appear as required by recognizance, a violation of R.C. 2937.99 and a fourth-degree felony.  On January 30, 2020, Dodson entered a guilty plea as to this single count.  For this offense, the trial court again found that Dodson was not amenable to community control, and it sentenced him to 18 months in prison, to be served concurrently with the sentence imposed in case No. 19CR-2331.

{¶ 4}    Dodson timely appeals from these judgments, and this court consolidated the appeals for the purposes of review and disposition.

## II.  Assignment of Error

{¶ 5}    Dodson assigns the following error for our review:

> The Appellant's prison sentence[s] on a felony of the third degree and a felony of the fourth degree were not supported by the record and were contrary to law where the court found that appellant should serve prison time instead of a sentence of community control.

## III.  Discussion

{¶ 6}    In his sole assignment of error, Dodson asserts his sentences were not supported by the record and were contrary to law.  Dodson argues the trial court did not conduct a sufficient analysis of the facts and circumstances of this matter to justify imposing prison sentences and not community control sanctions.  He also argues the record does not support the prison sentences.  This assignment of error is not well-taken.

{¶ 7}    In sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  R.C. 2929.11(A).  This requires consideration of "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."  *State v. Wilburn*, 10th Dist. No. 17AP-602, 2018-Ohio-1917, ¶ 7.   "Further, pursuant to R.C.

2929.12(A), the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors." *Id.*

{¶ 8} The trial court has the discretion to determine, upon considering and weighing all relevant factors, what sentence would best serve the purposes and principles of sentencing. *State v. Anderson*, 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 14 (trial court, in exercising sentencing discretion, determines weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances). Consequently, an appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2); *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 9} As to whether Dodson's sentences were clearly and convincingly unsupported by the record, Dodson asserts the heroin possession and failure to appear offenses are nonviolent offenses, he was accepted into treatment programs to address his drug problem, and he expressed remorse and regret for his criminal actions. He argues community control sanctions would have been more appropriate than the imposed prison sentences, as they would best serve the purposes of protecting the public, punishing him, and rehabilitating him. We are unpersuaded, however, that clear and convincing evidence demonstrates the prison sentences were not supported by the record.

{¶ 10} At the sentencing hearing, Dodson expressed remorse, acknowledged his drug problem, and indicated interest in treatment for this problem at a community-based correctional facility. But the record also demonstrated that he previously walked away

unsuccessfully from drug treatment, that he continued to use drugs until his arrest in this matter, and that he has outstanding warrants in other counties that likely would delay any admission into a drug treatment program. Dodson's likelihood of recidivism also reasonably weighed in favor of the trial court imposing prison sentences instead of community control sanctions. At the time of Dodson's sentencing, he had an extensive criminal history, including having been sent to prison four times. Further, as to Dodson's remorse, the trial court was best positioned to evaluate its genuineness. *See, e.g., State v. Dudley*, 11th Dist. No. 2009-L-019, 2009-Ohio-5064, ¶ 22 ("a reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination"). Therefore, Dodson fails to demonstrate that his prison sentences, in lieu of community control sanctions, were clearly and convincingly not supported by the record.

{¶ 11} Nor are we persuaded that Dodson's sentences were "otherwise contrary to law." A "sentence is not clearly and convincingly contrary to law when a trial court considers the principles and purposes of sentencing contained in R.C. 2929.11 and the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Haddad*, 10th Dist. No. 16AP-459, 2017-Ohio-1290, ¶ 19. In arguing that his sentences were "otherwise contrary to law," Dodson does not allege that his sentences were not within the applicable permissible statutory ranges, or that the trial court improperly imposed post-release control. He contends the trial court's analysis regarding the purposes and principles of sentencing was deficient. But the trial court's judgment entries imposing his sentences expressly state that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the fact[or]s set forth in R.C. 2929.12." (Mar. 3, 2020 Jgmt. Entries at 1.) The inclusion of such language in a judgment entry belies a defendant's claim that the trial court failed to properly consider the purposes and principles of sentencing. *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 7. Thus, we reject Dodson's contention that his sentences were otherwise contrary to law.

{¶ 12} For these reasons, we overrule Dodson's sole assignment of error.

## IV. Disposition

{¶ 13} Having overruled Dodson's sole assignment of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.