[Cite as *State v. Jeanneret*, 2024-Ohio-2612.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 8-23-24

    v.

STEVEN T. JEANNERET,            O P I N I O N

    DEFENDANT-APPELLANT.

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 8-23-25

    v.

STEVEN T. JEANNERET,            O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeals from Logan County Common Pleas Court
Criminal Division
Trial Court Nos. CR21 07 0187 and CR22 12 0284**

**Judgments Affirmed**

**Date of Decision: July 8, 2024**

---

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Steven T. Jeanneret ("Jeanneret"), brings these appeals from the September 22, 2023 judgments of the Logan County Common Pleas Court. On appeal, Jeanneret argues that the trial court erred by imposing maximum prison terms on multiple counts in two separate trial court cases, and that the trial court erred by ordering some of the prison terms to be served consecutively. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On July 13, 2021, Jeanneret was indicted in trial court case CR-21-07-0187 for Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a fifth degree felony (Count 1); Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a fifth degree felony (Count 2); Tampering with Evidence in violation of R.C. 2921.12(A)(1), a third degree felony (Count 3); Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a fifth degree felony (Count 4); and Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A), a fifth degree felony (Count 5).

{¶3} On November 24, 2021, Jeanneret entered into a written negotiated plea agreement wherein he agreed to plead guilty to Counts 1, 2, and 4 of the indictment. In exchange, the State agreed to dismiss Count 3, the most serious charge, and Count

5. The trial court held a Crim.R. 11 hearing and determined that Jeanneret was entering knowing, intelligent, and voluntary pleas.

**{¶4}** On January 27, 2022, Jeanneret was sentenced to serve five years of community control. The trial court reserved a twelve month prison term on each count in the event that Jeanneret violated his community control. However, the trial court indicated that Counts 1 and 2 would merge for the purposes of sentencing. Nevertheless, the trial court indicated that in the event Jeanneret violated his community control, the trial court would impose consecutive prison terms on Counts 1 and 4.

**{¶5}** On June 13, 2022, a "show-cause" motion was filed alleging that Jeanneret had violated his community control by failing to report for supervision. A hearing was held wherein Jeanneret admitted that he had not been in contact with his supervising officer for several months. Due to Jeanneret's lengthy period of not reporting, the trial court determined that the violation was non-technical in nature.

**{¶6}** Prior to sentencing, Jeanneret's probation officer noted that Jeanneret had seven prior felonies and he had been found with drugs in May of 2022. Nevertheless, the trial court continued Jeanneret on community control, imposing stricter sanctions, indicating it would apply a "no-tolerance policy to any future violations."

{¶7} On December 14, 2022, Jeanneret was indicted in trial court case CR-22-12-0284 for Possession of Cocaine in violation of R.C. 2925.11(A), a fifth degree felony. The possession incident allegedly occurred in May of 2022.

{¶8} On February 13, 2023, a second "show-cause" motion was filed in trial court case CR-21-07-0187 alleging that Jeanneret had failed to comply with his drug-testing. The matter proceeded to a final hearing wherein Jeanneret again admitted he was in violation of his community control. The trial court determined that he had violated his community control, but again did not revoke his community control

{¶9} On May 30, 2023, Jeanneret entered a guilty plea to the Possession of Cocaine charge in trial court case CR-22-12-0284. In exchange for his plea, the State agreed to remain silent at sentencing. Jeanneret's plea was accepted, he was found guilty, and at a later date he was sentenced to three years of community control, with a twelve-month prison term reserved. The trial court noted that, if imposed, the reserved prison term would be served consecutive to any prison term imposed in trial court case CR-21-07-0187.

{¶10} On August 28, 2023, "show-cause" motions were filed in both trial court cases alleging that Jeanneret had violated his community control. It was alleged he had operated a vehicle without a license, that he refused to submit to a drug screen, and that he had contact with a known gang member.

{¶11} The matter proceeded to a final hearing on September 22, 2023, wherein Jeanneret admitted he had violated his community control by refusing a drug screen and by having contact with a known gang member. Jeanneret denied the issue regarding operating a vehicle without a license, which had apparently resulted in a new felony charge. After Jeanneret admitted violating his community control, the trial court revoked Jeanneret's community control in both cases. The trial court imposed consecutive 12-month prison terms for Counts 1 and 4 in trial court case CR-21-07-0187, and a consecutive 12-month prison term for the Possession conviction in trial court case CR-22-12-0284.

{¶12} Judgment entries memorializing Jeanneret's sentences in both cases were filed September 22, 2023.[1] It is from these judgments that Jeanneret now appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**The trial court erred when it imposed a maximum sentence in case number CR 22 12 0284.**

**Second Assignment of Error**

**The trial court's sentences in both cases is contrary to law, as the court failed to properly balance the factors for maximum, consecutive [sentences] against the factors that weigh against maximum consecutive sentences.**

---

[1] Appeal number 8-23-24 corresponds to the later trial court case CR-22-12-0284. Appeal number 8-23-25 corresponds to the earlier trial court case CR-21-07-0187.

*First Assignment of Error*

**{¶13}** In his first assignment of error, Jeanneret argues that the trial court erred by imposing a maximum sentence on him in trial court case CR-22-12-0284.

Standard of Review

**{¶14}** An appellate court deciding an appeal based on felony sentencing "shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under [R.C. 2953.08] or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.* However, the appellate court may take such action only "if it clearly and convincingly finds" either (a) in cases where the sentencing court made findings under R.C. 2929.13(B), R.C. 2929.13(D), R.C. 2929.14(B)(2)(e), R.C. 2929.14(C)(4), or R.C. 2929.20(I) (only), "the record does not support the sentencing court's findings under" that statutory subsection; or (b) "[t]hat the sentence is otherwise contrary to law." *Id*.

**{¶15}** Importantly, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* at ¶ 28.

**{¶16}** Thus, an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings *under relevant statutes* or that the sentence is otherwise contrary to law." (Emphasis added.) *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Clear and convincing evidence is the measure or degree of proof that "'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

Analysis

**{¶17}** "Trial courts have full discretion to impose any sentence within the statutory range." *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *Id.*

**{¶18}** Here, in trial court case CR-22-12-0284, Jeanneret was sentenced to serve a twelve-month prison term after Jeanneret violated his community control. The prison term is within the appropriate statutory range for a fifth degree felony pursuant to R.C. 2929.14(A)(5). In fashioning its sentence, the trial court explicitly stated on the record that it had considered R.C. 2929.11 and R.C. 2929.12.

{¶19} Because the sentence is within the statutory range, and the trial court fulfilled its obligations to consider the requisite statutory factors, Jeanneret's sentence is not clearly and convincingly contrary to law. *State v. Collins*, 3d Dist. Union No. 14-22-28, 2023-Ohio-3011, ¶ 14. According to the Supreme Court of Ohio, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. Because the maximum sentence was not contrary to law, any arguments Jeanneret makes in an attempt to undermine the trial court's analysis under R.C. 2929.11 and 2929.12 are precluded by *Jones*.[2] Therefore, Jeanneret's first assignment of error is overruled.

*Second Assignment of Error*

{¶20} In his second assignment of error, Jeanneret argues that the trial court erred by imposing maximum consecutive sentences in trial court case CR-21-07-0187, and that the trial court erred by imposing a consecutive prison term for Jeanneret's conviction in trial court case CR-22-12-0284.

---

[2] Even if we could review the factors, in this case, when the trial court sentences Jeanneret, the trial court provided some analysis on the record, indicating that Jeanneret had, *inter alia*, a *significant* history of criminal convictions, and that he had failed to respond to prior sanctions. These findings are supported by the record. Thus while we are not permitted to reweigh the sentencing factors here, even if we could, the result would be the same.

Relevant Authority

{¶21} Revised Code 2929.14(C) governs the imposition of consecutive prison terms. It provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶22} Revised Code 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

**{¶23}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

Analysis

**{¶24}** In this case, the trial court made the requisite findings to impose consecutive sentences both at the sentencing hearing and in its final judgment entry. In fact, the trial court determined that *both* R.C. 2929.14(C)(4)(b) and (c) supported consecutive sentences in this matter, even though only one subsection was required.

**{¶25}** The trial court's findings that this case involved multiple courses of conduct (R.C. 2929.14(C)(4)(b)), and that Jeanneret had a significant criminal history (R.C. 2929.14(C)(4)(c)) are both supported by the record. Jeanneret had over half-a-dozen felonies and continued to commit crimes while he was on community control. In fact, Jeanneret was on post-release control when he was indicted in trial court case CR-21-07-0187. Further, these crimes were committed separately.

**{¶26}** The trial court attempted *repeatedly* to provide Jeanneret with opportunities on community control, but each time Jeanneret returned to using drugs and committing crimes. Simply put, Jeanneret's prison terms were within the appropriate statutory ranges, they were not contrary to law, and the trial court made the requisite (and supported) findings under R.C. 2929.14(C)(4) to impose consecutive sentences. Therefore, we do not find that his consecutive prison terms are clearly and contrary to law.

**{¶27}** Before concluding, we note that Jeanneret's appellate counsel urges us to follow an obsolete case from the Supreme Court of Ohio—*State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. Counsel argues that *Kalish* is still "good law." However, *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, *explicitly rejected the Kalish standard after R.C. 2953.08(G) was amended. Marcum* at ¶ 1, 6-7; *State v. Fitzgerald*, 2d Dist. Clark No. 2023-CA-44, 2024-Ohio-1608, ¶ 27. Furthermore, other policy arguments made by Jeanneret's counsel in his brief about the scope of appellate review of sentences under R.C. 2953.08 are more properly directed to the State legislature.

**{¶28}** In sum, Jeanneret is unable to establish that his individual sentences or his consecutive sentences are clearly and convincingly contrary to law. Therefore, his second assignment of error is overruled.

*Conclusion*

**{¶29}** Having found no error prejudicial to Jeanneret in the particulars assigned and argued, his assignments of error are overruled and the judgments of the Logan County Common Pleas Court is affirmed.

***Judgments Affirmed***

**WILLAMOWSKI, P.J., and ZIMMERMAN, J., concur.**