[Cite as *State v. Garcia*, 2024-Ohio-5612.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | No. 23AP-730 |
| Plaintiff-Appellee, | : | (C.P.C. No. 19CR-5931) |
| v. | : | (REGULAR CALENDAR) |
| Chris M. Garcia, | : | No. 23AP-731 |
| Defendant-Appellant. | : | (C.P.C. No. 20CR-3653) |
| | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on November 26, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Darren M. Burgess* for appellee.

**On brief:** *The Law Office of Thomas F. Hayes, LLC, Thomas F. Hayes*, and *Emily Anstaett* for appellant.

APPEALS from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Chris M. Garcia, appeals the judgments of the Franklin County Court of Common Pleas convicting him, following his guilty pleas, of three counts of felonious assault, abduction with a three-year firearm specification, trafficking marijuana, and tampering with evidence. The trial court imposed a total prison sentence of 28 to 32 years in prison for these offenses. Mr. Garcia contends his sentence is contrary to law under R.C. 2953.08(A)(4). For the following reasons, we affirm.

## I.   FACTS AND PROCEDURAL HISTORY

{¶ 2}   By indictment filed November 14, 2019 in case no. 19CR-5931, plaintiff-appellee, the State of Ohio, charged Mr. Garcia with:

- one count of kidnapping, a felony of the first degree in violation of R.C. 2905.01, and an associated three-year firearm specification; and

- three counts of rape, all felonies of the first degree, in violation of R.C. 2907.02.

And, on August 7, 2020, in case no. 20CR-3653, the state charged Mr. Garcia with:

- one count of kidnapping, a felony of the first degree in violation of R.C. 2905.01, and an associated three-year firearm specification;

- one count of trafficking in marijuana, a felony of the third degree in violation of R.C. 2925.03, and an associated forfeiture specification;

- one count of possession of marijuana, a felony of the third degree in violation of R.C. 2925.11, and an associated forfeiture specification; and

- one count of tampering with evidence, a felony of the third degree in violation of R.C. 2921.12.

{¶ 3}   On September 28, 2023, Mr. Garcia entered guilty pleas under each case number.  As to 20CR-3653, Mr. Garcia pled guilty to:

- one count of tampering with evidence, a felony of the third degree; and

- one count of trafficking in marijuana, a felony of the third degree, with forfeiture of $6,500.

As part of his plea, he acknowledged the parties would not jointly recommend a sentence and the maximum prison term for each of the offenses is 36 months in prison.  As to 19CR-5931, Mr. Gracia pled guilty to:

- one count of the lesser-included offense of abduction, a felony of the third degree in violation of R.C. 2905.02, with the three-year firearm specification; and

- three counts of the lesser-included offense of felonious assault, all felonies of the second degree in violation of R.C. 2903.11.

As part of this plea, Mr. Garcia acknowledged the parties would not jointly recommend a sentence and he could face a maximum aggregate prison term of 30 to 34 years for the 4 offenses. The trial court accepted Mr. Garcia's guilty pleas and ordered a presentence investigation.

{¶ 4} On November 20, 2023, the trial court held a sentencing hearing for both cases. After hearing the arguments of counsel, statements from the victim and her parents, and Mr. Garcia's own allocution, the trial court ordered Mr. Garcia to serve an aggregate sentence of 28 to 32 years in prison. Mr. Garcia's convictions and sentences were memorialized in judgment entries issued November 28, 2023.

{¶ 5} Mr. Garcia timely appealed from those judgments of conviction and raises the following assignment of error for our review:

> MR. GARCIA WAS PREJUDICED BY THE TRIAL COURT'S ERROR IN IMPOSING A SENTENCE WHICH IS CONTRARY TO LAW UNDER R.C. 2953.08(A)(4).

## II. ANALYSIS

{¶ 6} In his sole assignment of error, Mr. Garcia asserts the trial court imposed a sentence that is contrary to law under R.C. 2953.08(A). Essentially, Mr. Garcia argues the trial court failed to fully consider and properly apply the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the recidivism and seriousness factors in R.C. 2929.12. This assignment of error is not well-taken.

{¶ 7} R.C. 2953.08(G) generally governs our review of felony sentences. *See, e.g.*, *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 26-42; *State v. Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, ¶ 11. Under that statute, we are permitted to modify or vacate a sentence if we clearly and convincingly find either: (1) the record does not support the sentencing court's findings under certain statutes, none of which are implicated here; or (2) the sentence is otherwise contrary to law. *Jones* at ¶ 30-39; R.C. 2953.08(G)(2).

{¶ 8} Relevant here, a sentence is contrary to law if the trial court ***failed to consider*** the purposes and principles of felony sentencing set forth in R.C. 2929.11 and

the seriousness and recidivism factors in R.C. 2929.12. *See, e.g., State v. Cochran*, 10th Dist. No. 23AP-258, 2024-Ohio-1997, ¶ 14; *State v. Dodson*, 10th Dist. No. 20AP-297, 2021-Ohio-2415, ¶ 11, quoting *State v. Haddad*, 10th Dist. No. 16AP-459, 2017-Ohio-1290, ¶ 19. However, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. *See also State v. Williamson*, 10th Dist. No. 22AP-135, 2024-Ohio-1599, ¶ 17. "In sum, R.C. 2953.08(G)(2) 'does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.' " *Cochran* at ¶ 14, quoting *Jones* at ¶ 39.

{¶ 9} At sentencing, after hearing from the state, defense counsel, Mr. Garcia, and the victim and her family, the trial court noted its consideration of the "overriding principles and purposes of felony sentencing pursuant to Revised Code 2929.11" and the "seriousness and recidivism factors contained in Revised Code 2929.12." (Nov. 20, 2023 Tr. at 39-40.) Then, although not required under either R.C. 2929.11 or 2929.12, *see State v. O.E.P.-T.*, 10th Dist. No. 21AP-500, 2023-Ohio-2035, ¶ 116, the trial court proceeded to engage in a lengthy discussion and make specific findings on the record. (*See* Nov. 20, 2023 Tr. at 40-47.)

{¶ 10} Mr. Garcia's assignment of error suggests his sentence is contrary to law because the trial court failed to properly consider the principles and purposes of felony sentencing in R.C. 2929.11 and the recidivism and seriousness factors in R.C. 2929.12, but his arguments ultimately amount to a request that our court reweigh the factors and come to a different conclusion from that reached by the trial court. He does not assert the trial court failed to engage in the required analysis; he simply disagrees with the weight the court gave the evidence before it.

{¶ 11} For example, Mr. Garcia does not argue the court failed to consider the recidivism factors, including whether he showed "genuine remorse for the offense." *See* R.C. 2929.12(D)(5). Instead, as to this factor, Mr. Garcia concedes that the "court spoke at length about its impression of Mr. Garcia's remorse and evaluation of his sincerity," but disagrees with the court's findings that "the only remorse [he] has is for getting caught and how this affects him" and notes in his brief that he "exhibited a complete acceptance of

responsibility" by pleading guilty, acknowledging the harm he caused the victim, noting his selfishness and temper, undergoing the presentence investigation process, and subjecting himself to the court's discretion as to sentencing. (*See* Appellant's Brief at 17-18, 21-22.)

{¶ 12} Additionally, although Mr. Garcia asserts in his brief that the trial court failed to consider the impact of abuse he experienced in his youth (Appellant's Brief at 23), the court did, in fact, address it during the sentencing hearing, but ultimately concluded it did "not negate [his] actions." (Nov. 20, 2023 Tr. at 44.) And, while Mr. Garcia argues the court failed to "appreciate [his] lack of criminal record" (Appellant's Brief at 23), it is clear from the transcript that the trial court did, in fact, grapple with this fact. (*See*, *e.g.*, Nov. 20, 2023 Tr. at 40 ("While the defendant does not have a prior record, * * * the record shows the defendant was well-immersed in a drug trafficking scheme."). *See also id.* at 41-42.)

{¶ 13} Again, in substance, Mr. Garcia's challenge to his sentence reflects his disagreement with the weight the trial court gave to the sentencing factors and his belief that he is entitled to a shorter sentence. But Mr. Garcia's disagreement with the trial court's balancing of the sentencing factors " ' "does not make a sentence that falls within the applicable statutory range contrary to law." ' " *Cochran*, 2024-Ohio-1997 at ¶ 15, quoting *State v. Anderson*, 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 14, quoting *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 10, citing *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 16. As such, we are not permitted to engage in the type of review he seeks. *See, e.g.*, *Jones*, 2020-Ohio-6729 at ¶ 42; *State v. Bruce*, 10th Dist. No. 21AP-376, 2022-Ohio-909, ¶ 39; *State v. Pack*, 10th Dist. No. 22AP-56, 2023-Ohio-3076, ¶ 9-11; *O.E.P.-T.*, 2023-Ohio-2035 at ¶ 117.

{¶ 14} Because the trial court considered the principles and purposes of felony sentencing on the record during Mr. Garcia's sentencing hearing and the court's entry reflects it engaged in the required analysis under R.C. 2929.11 and 2929.12, we overrule Mr. Garcia's sole assignment of error.

## III. CONCLUSION

{¶ 15} Having overruled Mr. Garcia's sole assignment of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

MENTEL, P.J. and LUPER SCHUSTER, J., concur.

---