[Cite as *State v. Kendrick*, 2025-Ohio-5739.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-461 |
| v. | : | (C.P.C. No. 21CR-3176) |
| Timothy Kendrick, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-463 |
| v. | : | (C.P.C. No. 22CR-4671) |
| Timothy Kendrick, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee.

**On brief:** *Wolfe Law Group, LLC*, and *Stephen T. Wolfe*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Timothy Kendrick, appeals from judgments of sentence and conviction entered by the Franklin County Court

of Common Pleas following his entry of guilty pleas to aggravated murder, kidnapping, murder, tampering with evidence, and gross abuse of a corpse.

## I. Facts and Procedural History

{¶ 2}   On August 6, 2021, appellant was indicted in Franklin C.P. No. 21CR-3176 on one count of aggravated murder in violation of R.C. 2903.01, one count of kidnapping in violation of R.C. 2905.01, two counts of murder in violation of R.C. 2903.02, one count of tampering with evidence in violation of R.C. 2921.12, and one count of gross abuse of a corpse in violation of R.C. 2927.01.  On October 6, 2022, appellant was indicted in Franklin C.P. No. 22CR-4671 on one count of aggravated murder in violation of R.C. 2903.01.  Both indictments arose out of the death of Drew Mendelbaum on July 16, 2021.

{¶ 3}   On August 12, 2021, appellant entered a plea of not guilty in case No. 21CR-3176.  On October 6, 2022, plaintiff-appellee, the State of Ohio, filed a motion for joinder of cases, which the trial court granted.  On October 11, 2022, appellant entered a plea of not guilty in case No. 22CR-4671.

{¶ 4}   On June 11, 2024, the cases came for trial before a jury.  On the morning of the third day of trial (June 13, 2024), outside the presence of the jury, the parties informed the trial court that appellant wished to withdraw his previously entered pleas of not guilty in both cases and to enter guilty pleas to all six counts in case No. 21CR-3176 and to the sole count in case No. 22CR-4671.  At that time, the court conducted a plea hearing and reviewed with appellant the rights he was giving up by pleading guilty.

{¶ 5}   During the plea hearing, the prosecutor gave the following recitation of facts before the court:

> On July 16th of 2021, the Defendant went to Shell Gas Station at Bethel and Sawmill Roads in Columbus, Franklin County, Ohio. There, on a chance encounter, he met the victim Drew Mendelbaum. After talking in the Shell Station, the Defendant bought beers for himself, beers for the victim, and invited the victim back to the Defendant's hotel room [on] Bethel Road InTown Suites at that location, again, in Columbus, Franklin County, Ohio. It was there that the Defendant filmed himself torturing and beating the victim. The victim suffered over 40 punctures, slice and stab wounds to his body, numerous blunt force injuries to his body. Finally, the Defendant slit the victim's throat, killing him.

The Defendant then filmed himself cleaning up, filmed himself st[o]mping on the unconscious victim, filmed himself gloating in the mirror after he committed these offenses. The Defendant then zip-tied the victim's ankles, wrapped the victim up in a shower curtain, stuffed the victim in a shopping cart, wheeled the victim outside, set the victim on fire, and dumped him in a business park located [on] Sawmill Road Columbus, Franklin County, Ohio where the next day on Saturday July 17th, 2021, a cleaning lady found the body.

Your Honor, the Defendant filmed himself and identified himself on that Snapchat video committing these offenses. He also cleaned up the entire hotel room and was later arrested in another Extended Stay hotel room. I will note for the record that two days after this homicide, the Defendant filmed himself going door to door in the community selling whatever it is he sells and then filmed himself . . . doing that as well. Again, that all occurred in Franklin County, Ohio.

(June 13, 2024 Tr. at 26-27.)

{¶ 6} Appellant entered a guilty plea to all of the counts against him in both cases; the trial court accepted the pleas and found him guilty on all counts. The court dismissed the jury, scheduled a sentencing hearing, and ordered the preparation of a presentence investigation report ("PSI").

{¶ 7} On July 18, 2024, the trial court conducted a sentencing hearing. During the hearing, the court announced it would merge, for purposes of sentencing, Counts 1, 3, and 4 in case No. 21CR-3176 with Count 1 in case No. 22CR-4671. With respect to the merged counts, the state elected to have appellant sentenced on Count 1 in case No. 22CR-4671.

{¶ 8} By judgment entry filed July 22, 2024, the trial court sentenced appellant in case No. 21CR-3176 to an indefinite non-mandatory term of 11 to 16 and one-half years on Count 2, a definite non-mandatory term of 36 months on Count 5, and a definite non-mandatory term of 12 months on Count 6, with the total sentence to run concurrent with the sentence in case No. 22CR-4671. By entry also filed July 22, 2024, the court sentenced appellant in case No. 22CR-4671 to a mandatory term of life imprisonment without parole.

## II. Assignment of Error

{¶ 9} Appellant appeals and assigns the following single assignment of error for this court's review:

> The trial court erred when [it] imposed the maximum sentence on the highest degree offense[.]

## III. Discussion

{¶ 10} Under his single assignment of error, appellant asserts the trial court erred in imposing the maximum sentence for the offense of the highest degree. Specifically, appellant's argument focuses on the sentence imposed on "the aggravated murder conviction for which he was sentenced to life in prison," and he contends the court's sentencing decision was "unreasonable or arbitrary" in its "repeated insistence that he does not show genuine remorse." (Appellant's Brief at 5.)

{¶ 11} Under Ohio law, "[a]ppellate review of criminal sentences is governed by R.C. 2953.08." *State v. Gwynne*, 2023-Ohio-3851, ¶ 11. R.C. 2953.08(G)(2) states as follows:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (l) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 12} At the outset, we note appellant seeks review of the trial court's decision to impose a sentence of life without parole "under an abuse of discretion standard." (Appellant's Brief at 5.) In support, appellant relies on the Supreme Court of Ohio's decision in *State v. Kalish*, 2008-Ohio-4912. Appellant maintains the Supreme Court in that case set forth "a two-step approach for reviewing a sentence." (Appellant's Brief at 4.)

Specifically, appellant cites to language in *Kalish* holding that a reviewing court must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law" and, "[i]f this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Id*. at ¶ 4.

{¶ 13} However, as noted by the state in its response, appellate courts no longer apply the abuse of discretion standard announced in *Kalish* when reviewing sentences under R.C. 2953.08. Rather, and as recognized by this court, following its decision in *Kalish*, the Supreme Court "revisited the standard to apply when reviewing sentences under R.C. 2953.08(G)(2)." *State v. D.S.*, 2016-Ohio-2856, ¶ 8 (10th Dist.). Specifically, in *State v. Marcum*, 2016-Ohio-1002, the Supreme Court held "that 'appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges' as set forth in *Kalish*." *State v. Madison*, 2016-Ohio-7127, ¶ 11 (10th Dist.), quoting *Marcum* at ¶ 10. Instead, "appellate courts must adhere to the plain language of R.C. 2953.08(G)(2)." *Marcum* at ¶ 7.[1]

{¶ 14} Accordingly, in applying the "plain language" of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id*. at ¶ 1. *See also State v. Garcia*, 2024-Ohio-5612, ¶ 7 (10th Dist.), citing *State v. Jones*, 2020-Ohio-6729, ¶ 30-39 (under R.C. 2953.08, "we are permitted to modify or vacate a sentence if we clearly and convincingly find either: (1) the record does not support the sentencing court's findings under certain statutes . . . or (2) the sentence is otherwise contrary to law").

{¶ 15} In *Garcia*, this court noted "a sentence is contrary to law if the trial court ***failed to consider*** the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12." (Emphasis in

---

[1] Other Ohio appellate courts have similarly recognized "the two-step process set forth by the plurality in *Kalish* (providing a second-tier abuse of discretion review) is no longer available." *State v. Green*, 2021-Ohio-2412, ¶ 56 (7th Dist.). *See also State v. Jeanneret*, 2024-Ohio-2612, ¶ 27 (3d Dist.) (noting that *Marcum* "*explicitly rejected the Kalish standard after R.C. 2953.08 was amended*") (Emphasis in original.); *State v. Hubbard*, 2023-Ohio-3468, ¶ 58 (8th Dist.) (declining appellant's request to review his sentence under *Kalish* and citing *Marcum* for the proposition the Supreme Court "has held that the abuse-of-discretion standard set forth in *Kalish* has been superseded by statute and is no longer good law").

original.) *Id.* at ¶ 8, citing *State v. Cochran*, 2024-Ohio-1997, ¶ 14 (10th Dist.); *State v. Dodson*, 2021-Ohio-2415, ¶ 11 (10th Dist.). We further noted, "[h]owever, '[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.' " *Garcia* at ¶ 8, quoting *Jones* at ¶ 42. Accordingly, " 'R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." ' " *Id.*, quoting *Cochran* at ¶ 14, quoting *Jones* at ¶ 39.

{¶ 16} As observed by the state, appellant does not argue on appeal that the record fails to support the sentencing court's findings under R.C. 2929.13, 2929.14, or 2929.20. Appellant also "concedes" the trial court was statutorily authorized to sentence him to life without parole under R.C. 2929.03(A)(1)(a), and therefore "the trial court's sentence was not clearly and convincingly contrary to law." (Appellant's Brief at 5.) Rather, as noted above, appellant's challenge to the trial court's sentence (framed as an abuse of discretion argument, i.e., what appellant "finds particularly unreasonable or arbitrary") is his contention the court erred in "its repeated insistence that he does not show genuine remorse." (Appellant's Brief at 5.)

{¶ 17} A review of the record indicates the trial court considered the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Further, "although not required under either R.C. 2929.11 or 2929.12," the court set forth detailed findings on the record. *Garcia*, 2024-Ohio-5612 at ¶ 9 (10th Dist.), citing *State v. O.E.P.-T.*, 2023-Ohio-2035, ¶ 116 (10th Dist.).

{¶ 18} Regarding the seriousness factors under R.C. 2929.12(B), the trial court observed the victim "suffered extremely serious physical and psychological harm," and "[w]hat sets this case apart is that the defendant physically and mentally tortured Mr. Mendelbaum for hours before finally killing him." (July 18, 2024 Tr. at 49.) The court noted appellant "mocked his victim's suffering, celebrated it," and "posted it online for others to see." (July 18, 2024 Tr. at 49.) The court cited "another troubling aspect of this case is that in committing the offense," appellant, who "did not know" the victim, did not appear to have "any motive whatsoever." (July 18, 2024 Tr. at 50-51.) The court found

appellant's "proffered explanation as to why it was necessary for him to torture Mr. Mendelbaum for hours, well past the point of Mr. Mendelbaum being able to defend himself or constitute any sort of ongoing threat to defendant, remains a mystery." (July 18, 2024 at Tr. 51-52.) The court also considered and found that none of the mitigating factors under R.C. 2929.12(C) (indicating appellant's conduct was less serious than conduct constituting the offense of aggravated murder) apply in this case. In concluding appellant's conduct in committing the offense was far more serious than conduct normally constituting the offense of aggravated murder, the court remarked that appellant's conduct "is some of the most serious conduct imaginable outside of horror movies." (July 18, 2024 Tr. at 53.)

{¶ 19} The trial court addressed the issue of remorse, finding appellant's statements "to the police, his statements to the PSI writer in this case," and the statements he "has made about these offenses in letters to the Court . . . lack[] credibility." (July 18, 2024 Tr. at 51.) The court recognized appellant "has expressed remorse," but the court found appellant had not shown "any genuine remorse." (July 18, 2024 Tr. at 57.) While citing the fact appellant "has shown regret . . . for his actions," the court observed that "regret is not remorse." (July 18, 2024 Tr. at 57.) The court noted it "also considered the fact that [appellant] has pled guilty to the charges as indicted and that he did so without any jointly recommended sentence." (July 18, 2024 Tr. at 57.) The court also noted appellant "only offered to plead guilty after 90 - - or less than half of those Snapchat videos  - - had been played at trial." (July 18, 2024 Tr. at 58.)

{¶ 20} Finally, the trial court observed:

> It appears from the record before the Court that the defendant has not really taken responsibility for anything, including his culpability in Mr. Mendelbaum's death. He still embraces a victim stance. He acts as if all this has happened to him. He continues to insist that he tortured and killed a man and put it all on social media because he was drugged and because someone tried to steal his wallet.
>
> The Court believes that the defendant's motivation in pleading guilty was not some last-minute attempt at redemption but an attempt to avoid the maximum possible sentence. Again, I don't believe he's expressed genuine remorse or shown genuine remorse.

(July 18, 2024 Tr. at 58-59.)

{¶ 21} A review of the record indicates the trial court considered appellant's statements of remorse, including statements made to the PSI writer and to the court, but found them lacking in credibility. Ohio courts have noted that "nothing compels" a court to "reflexively accept a defendant's statement of remorse," as the court " 'is in the best position' " to determine " 'whether a defendant's remarks are indicative of genuine remorse.' " *State v. Fissel*, 2022-Ohio-1856, ¶ 15 (1st Dist.), quoting *State v. Dudley*, 2009-Ohio-5064, ¶ 22 (11th Dist.). Further, a trial court's belief that a defendant has failed to show genuine remorse "does not make his sentence contrary to law." *State v. Meyer*, 2022-Ohio-2746, ¶ 20 (6th Dist.). *See also State v. Ogletree*, 2019-Ohio-3999, ¶ 25 (11th Dist.) (noting "the court did consider whether [the defendant] was remorseful and, accordingly, the sentence was not clearly and convincingly unsupported by the record or otherwise contrary to law"). Finally, and as previously addressed, we do not review sentences for abuse of discretion and "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones,* 2020-Ohio-6729, at ¶ 42. Here, the court considered appellant's expression of remorse, and the sentence imposed is not contrary to law.

{¶ 22} On review, the record indicates the sentence imposed was within the statutory range and that the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors under R.C. 2929.12, and appellant has not demonstrated that his sentence is contrary to law. Accordingly, appellant's single assignment of error is not well-taken and is overruled.

## IV. Conclusion

{¶ 23} Having overruled appellant's single assignment of error, the judgments of the Franklin County Court of Common Pleas are hereby affirmed.

*Judgments affirmed.*

JAMISON, P.J., and DORRIAN, J., concur.

————————